UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NATIONAL FITNESS CENTER, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:09-CV-133 |
| ) | (CAMPBELL/SHIRLEY) |
| V. ) | |
| ) | |
| ATLANTA FITNESS, INC., *d/b/a* ) | |
| CUSTOM BUILT PERSONAL FITNESS, and ) | |
| STEPHEN DOW, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is a Motion for Prejudgment Interest [Doc. 106] and a Motion for Attorneys' Fees [Doc. 108] filed by Defendants/Counter Plaintiffs Custom Built Personal Fitness and Stephen Dow, (hereinafter collectively "Custom Built"). For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Prejudgment Interest [Doc. 106] and a Motion for Attorneys' Fees and Costs [Doc. 108] both be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This case was filed on March 30, 2009. On October 10, 2013, the District Judge granted in part and denied in part a Motion for Summary Judgment by Custom Built. After four years of litigation, the trial of this case commenced March 11, 2013. On March 14, 2013, the District Judge granted National Fitness's motion for directed verdicts on Custom Built's tort claims. On

March 15, 2013, the jury rendered a verdict finding that National Fitness should not recover on its claim for breach of contract and that Custom Built should recover $145,000.00 on its counter claim for breach of contract. On May 1, 2013, Custom Built filed the Motion for Attorneys' Fees and Costs and Motion for Prejudgment Interest, which was referred to the undersigned after the District Judge addressed a number of pending post-trial matters.

Plaintiffs/Counter Defendants National Fitness Center, Inc., and Court South Total Conditioning Clubs, LLC, (hereinafter collectively "National Fitness"), have responded in opposition to the Motion for Attorneys' Fees and Costs. National Fitness has not, however, filed a timely response in opposition to the Motion for Prejudgment Interest. On October 7, 2013, the undersigned conducted a hearing to address these motions. Counsel for Custom Built appeared, presented an oral argument, and answered certain questions the Court had about the fees, costs, and interest requested. Counsel for National Fitness did not appear at the hearing.[1] Thus, in rendering the below recommendation the Court has considered the record contained in CM/ECF, both parties' filings on this issue, and the oral arguments presented by counsel for Custom Built at the hearing.

## II. ANALYSIS

The parties' positions and the Court's findings of fact are incorporated herein as appropriate. The Court will address each of the motions in turn.

### A. Motion for Prejudgment Interest

Custom Built moves the Court to award prejudgment interest pursuant to Tennessee Code Annotated § 47-14-123. [Doc. 106]. Custom Built argues that the factors to be considered in awarding prejudgment interest pursuant to § 47-14-123 support awarding Custom Built

---

[1] Counsel's failure to appear is more fully addressed in Docs. 122, 123, 124, 128, and 129.

prejudgment interest. Custom Built submits that it should be awarded prejudgment interest starting on January 5, 2009, the date on which National Fitness terminated the parties' agreement after Custom Built declared National Fitness to be in breach of the agreement. [Id. at 2]. Custom Built maintains that it attempted to avoid litigation and thereafter offered a mutual walk-away that National Fitness rejected.[2] Custom Built notes that the jury returned a judgment in its favor in less than two hours, and it argues the jury, thereby, articulated that National Fitness's position was unreasonable.

Custom Built moves the Court to award prejudgment interest at a rate of 10% per annum [id. at 4], which results in interest of $39.73 per diem. Custom Built submits that this per diem rate should be awarded for the time from January 5, 2009, to the entry of formal judgment.

As an initial matter, the Court finds that National Fitness has not responded in opposition to the Motion for Prejudgment Interest, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Thus, the Court could grant the request for prejudgment interest based solely upon the lack of timely opposition. Notwithstanding, the undersigned has considered the substance of the request.

Section 47-14-123, of the Tennessee Code Annotated, provides:

> Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum . . . .

Equitable factors relevant to a court's decision under § 47-14-123 include: "(1) promptness in the commencement of a claim, (2) unreasonable delay of the proceedings by either party, (3) abusive

---

[2] Custom Built has submitted the Affidavit of Robert Thompson [Doc. 107], in support of its factual allegations relating to the Motion for Prejudgment Interest.

3

litigation practices by either party, (4) the certainty of the existence of an underlying obligation, (4) the certainty of the amount in dispute, and (5) prior compensation for the lost time value of the [movant's] money." Poole v. Union Planters Bank, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010).

Courts are not bound to award the ceiling rate of 10% under § 46-14-123, and as the Honorable Curtis L. Collier, United States District Judge, explained in evaluating a request for prejudgment interest last year, interest at the rate of 10%, though permissible would be "a windfall, particularly in light of the current economic climate." Krystal Co. v. Caldwell, 2012 WL 876793, at *11 (E.D. Tenn. Mar. 13, 2012); see also Dorothy J. v. City of New York, 749 F.Supp. 2d 50, 81 (E.D.N.Y.2010) (noting the court would not apply the prejudgment interest rate of 9% per annum designated under New York law because such a rate "would produce a windfall for the plaintiffs in light of the historically low rates of interest and inflation that have prevailed over much of the relevant period").

Turning to Custom Built's request in this case, the Court finds that the relevant considerations support awarding prejudgment interest. The Court finds that the underlying obligation is certain and the amount owed to Custom Built is certain. Moreover, the Court finds that Custom Built has not received prior compensation for the lost value of its money, and the Court finds that, given the protracted nature of this case, Custom Built should receive interest for the time it was without the moneys for which it contracted. Accordingly, the Court finds that Custom Built's request for prejudgment interest is well-taken.

The Court, however, finds that the request that the interest be calculated at a rate of 10% per annum is unreasonable under the circumstances. The parties litigated this case during one of the worst economic downturns in history. Custom Built has not brought forth any evidence

4

demonstrating that it could have obtained a 10% return on a reasonably secure investment during that time, and it is widely-acknowledged that this period was one of historically-low interest rates and little inflation. See Dorothy J., 749 F. Supp. 2d at 81. The Court finds that a more appropriate interest rate is 5% per annum, and the undersigned will recommend that the prejudgment interest be calculated at 5%.

Accordingly, the undersigned **RECOMMENDS** that the Motion for Prejudgment Interest **[Doc. 106]** be **GRANTED IN PART** and **DENIED IN PART**, in that Custom Built be awarded prejudgment interest at a rate of 5% from January 9, 2009, to the date of the entry of formal judgment. That is, the undersigned **RECOMMENDS** that prejudgment interest be awarded with a per diem of **$19.86** – representing 5% of $145,000.00 divided by 365 – for the period from January 9, 2009, to the entry of formal judgment.

**B.     Motion for Attorneys' Fees and Costs**

In its Motion for Attorneys' Fees and Costs [Doc. 108], Custom Built moves the Court to award it $291,425.70, representing the reasonable attorneys' fees and costs incurred in this litigation. Custom Built submits that the parties' agreement contained an attorneys' fees provision providing that, if legal action was required to enforce any portion of the agreement, "the party successfully prosecuting and/or defending the terms and conditions of this Agreement shall be entitled to recover from the other party its costs including, but not limited to, its reasonable attorneys' fees." [Doc. 3-2 at 5]. Custom Built maintains that it is the prevailing party under the agreement, and therefore, it is entitled to an award of fees and costs.

Custom Built contends that the amount of fees and costs requested is reasonable. It asserts that the rate of $250 per hour for work by senior attorneys is reasonable given the type of litigation, and Custom Built argues that the rate is supported by affidavits from local

5

practitioners. [Doc. 108 at 3-4; see Docs. 110, 111]. Custom Built states that it is not seeking reimbursement for time expended by Attorney Joshua Hill, in his role as general counsel for Custom Built. [Doc. 108 at 6-7]. Moreover, Custom Built notes that, despite claiming entitlement to almost half a million dollars in damages, National Fitness recovered nothing. [Id. at 5].

National Fitness responds that, despite the fact that it sought over three million dollars in damages, Custom Built recovered only $145,000.00. [Doc. 112 at 3]. National Fitness argues that, while Custom Built prevailed on the breach of contract claim, Custom Built did not prevail on its claim of violation of the Tennessee Consumer Protection Act or entitlement to attorneys' fees under the TCPA. National Fitness argues that it prevailed on the issues of tortious interference with existing and/or prospective business relationships, promissory fraud, unjust enrichment, and punitive damages by being granted directed verdicts on those claims. [Id. at 3-4]. National Fitness argues that, given the outcome of this case, the Court should order that each party bear its own costs. [Id. at 5].

Custom Built responds that National Fitness inflates Custom Built's tort claims to distract from the fact that Custom Built prevailed on its breach of contract claim and successfully defended National Fitness's breach of contract claim. [Doc. 113 at 1]. Custom Built states that it has omitted fees related to its tort claims, and it maintains that all of the fees requested are directly related to the defense of National Fitness's breach of contract claim and the prosecution of Custom Built's breach of contract counterclaim. [Id. at 2]. Additionally, Custom Built notes that National Fitness has not pointed to any specific entry that they argue is not related to the breach of contract claims. [Id. at 3]. Custom Built adds that National Fitness initiated this suit but recovered nothing. [Id. at 4].

6

"[P]arties who have prevailed in litigation to enforce contract rights are entitled to recover their reasonable attorney's fees once they demonstrate that the contract upon which their claims are based contains a provision entitling the prevailing party to its attorney's fees." Hosier v. Crye-Leike Comm., Inc., 2001 WL 799740, at *3 (Tenn. Ct. App. July 17, 2001); see also Pullman Standard, Inc. v. Abex Corp., 693 S.W.2d 336, 338 (Tenn.1985).[3] A party is not, however, entitled to recover with regard to a claim or defense that failed. Beaty v. McGraw, 15 S.W.3d 819, 831 (Tenn. Ct. App. 1998).

The appropriate factors to be used as guides in determining the reasonableness of a fee request include: (1) the time devoted to performing legal services; (2) the time limitations imposed by the circumstances; (3) the novelty and difficulty of the legal issues and the skill required to perform the service; (4) the fee customarily charged in the locality for similar services; (5) the amount involved and the results obtained; and (6) the experience, reputation, and ability of the attorney. See Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980); see also Tenn. Sup. Ct. R. 8, Rule 1.5 (2013).

The Court finds that Custom Built is the prevailing party with regard to the parties' competing claims for breach of contract. That is, the Court finds that Custom Built is "the party successfully prosecuting and/or defending" the terms of the parties' agreement. The Court so finds because, despite its apparent lack of success on its tort claims, Custom Built convinced the jury that it, not National Fitness, should be awarded damages for breach of the parties'

---

[3] The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00. Accordingly, the substantive law of the State of Tennessee guides disposition of the claims before the Court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The parties do not dispute the applicable law in this case.

7

agreement. The District Judge has recently re-affirmed that the jury's verdict was supported by the evidence presented. [See Doc. 127]. The Court finds that Custom Built is the prevailing party on the breach of contract claim, and according to the terms of the parties' agreement, Custom Built should be awarded reasonable fees and expenses.

The Court further finds that Custom Built has represented that it has removed billing entries related to claims other than the breach of contract claims. Counsel for Custom Built has stated, under oath, that he "reviewed the billing entries and removed all entries directly related to the tort counterclaims" and a related Motion to Reconsider. [Doc. 109 at 6]. National Fitness has not submitted any sworn statements or evidence to undercut the representation by counsel, nor has National Fitness directed the Court to any specific billing entry that it contends is not related to the breach of contract claims. Accordingly, the Court finds that Custom Built has demonstrated that the fees and costs it requests are related to litigating the breach of contract claims and are, therefore, compensable.

Having found that Custom Built is the prevailing party and that the fees and costs it requests are related to litigating the breach of contract claims, the Court turns to National Fitness's only remaining objection: that the amount requested by Custom Built is unreasonable given its recovery. The Court has considered this objection to be based upon the amount involved in the case and the results obtained. Connors, 594 S.W.2d at 676. While the Court recognizes that Custom Built recovered much less than it originally sought in damages, the Court finds that, because of the claims involved and the relationship between the parties, this litigation consumed far more time and effort than the money judgment reflects. In addition, the Court finds that given the relationship between the entities and their ties within the physical fitness industry, this litigation was considered a "must win" case, especially for Custom Built. The

8

court finds that the amount-involved/results-obtained factor alone does not support reducing the attorneys' fees award to Custom Built.

With regard to the other considerations, National Fitness does not object to the hourly rates charged or the time expended on any particular task. Moreover, National Fitness has not represented that the time limitations imposed by the circumstances, the novelty and difficulty of the legal issues presented, or the experience, reputation, and ability of the attorneys involved, would support reducing the amount requested. Thus, Court finds that National Fitness has failed to demonstrate any basis for reducing the amount of fees and costs requested.

Notwithstanding, the Court finds that it is obligated to conduct its own review of the basis for the fees and costs submitted to determine if they are, in fact, reasonable. The Court has done so, and for the reasons more fully stated on the record at the hearing before the undersigned, the Court finds that a 15% reduction in the amount of fees and costs requested is appropriate.

The Court finds that the $250 per hour rate charged for the time of senior attorneys is reasonable in this case. The Court, however, finds that some inefficiencies are apparent in counsel's billing entries. For example, counsel billed: 90 hours for composing Custom Built's Motion for Summary Judgment and 30 hours for the reply supporting the Motion for Summary Judgment; 32 hours for jury instructions that were mostly generic instructions; 23 hours to compile a pretrial order; and 32 hours of trial preparation in a single day on March 10, 2013. These examples are not an exhaustive list of the inefficiencies the Court identified, but the Court finds that they demonstrate the basis for the reduction in fees. The Court would note in addition that in arriving at a 15% reduction the Court has considered the trial techniques employed by counsel for National Fitness – *i.e.* its decision to file a Motion to Dismiss on March 9, 2013,

9

which was the Saturday before this case proceed to trial on Monday – which weigh against any reduction beyond 15%.

The Court finds that the costs requested are reasonable.

Accordingly, the undersigned **RECOMMENDS** that the Motion for Fees and Costs be **GRANTED IN PART** and **DENIED IN PART** consistent with the above. The undersigned **RECOMMENDS** that Custom Built be awarded **$247,711.84** – representing a 15% reduction to the $291,425.70 initially requested.

### III. CONCLUSION

In sum, the undersigned recommends that **RECOMMENDS**[4] that:

1. The Motion for Prejudgment Interest **[Doc. 106]** and a Motion for Attorneys' Fees and Costs **[Doc. 108]** both be **GRANTED IN PART** and **DENIED IN PART**;

2. Custom Built be awarded prejudgment interest at a rate of **$19.86 per diem** for the period from **January 9, 2009, to the entry of formal judgment**; and

3. Custom Built be awarded **$247,711.84** in attorneys' fees and costs.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).